UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUZANNE MCDANIEL and
ROBERT MCDANIEL,

        NO. CIV. S-09-3486 LKK/EFB

    Plaintiffs,

  v.

        O R D E R

INDYMAC FEDERAL BANK; THE
LINCOLN GROUP OF FINANCIAL
SERVICE; ROBERT SEAN ALLEN;
JAIMEE LEE and DOES 1-20,
inclusive,

    Defendants.

                         /

    Plaintiffs bring claims relating to their home loan. On February 25, 2010, defendant Indymac Federal Bank filed a motion to dismiss, arguing that it was not a proper defendant in this suit (Dkt. No. 23). This motion is noticed for hearing for April 5, 2010.

    Four days prior to the filing of this motion, on February 21, 2010, plaintiffs filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code. By order of February 25, the court explained that the bankruptcy petition did not automatically

1

1  stay this proceeding, because it was filed by, rather than against,
2  the debtors (Dkt. No. 26).

3  Although the bankruptcy petition did not stay this matter, the
4  petition did change the real party in interest.  When a bankruptcy
5  petition is filed, an estate is created, which includes all of the
6  debtor's causes of action.  Cusano v. Klein, 264 F.3d 936, 945 (9th
7  Cir. 2001) (citing 11 U.S.C. § 541(a)).  The estate is administered
8  by the bankruptcy trustee, who becomes the real party in interest
9  with respect to such claims.  See Cobb v. Aurora Loan Servs., LLC,
10 408 B.R. 351, 354 (E.D. Cal. 2009)  (Shubb, J.).  If the debtor
11 wishes to pursue these claims herself, she must show that they are
12 exempt from the bankruptcy estate or that they were abandoned by
13 the trustee.  See Rowland v. Novus Fin. Corp., 949 F. Supp. 1447,
14 1453-54 (D. Haw. 1996).  Plaintiffs have not argued that the claims
15 in this suit are exempt from the estate or that they have been
16 abandoned by the trustee.  Accordingly, the court substitutes the
17 trustee for the plaintiffs in this action.  Cobb, 408 B.R. at 355
18 (petition divested plaintiff-debtors of ability to litigate claims
19 filed pre-petition), see also Barger v. City of Cartersville, 348
20 F.3d 1289, 1293 (11th Cir. 2003) (bankruptcy trustee automatically
21 takes the place of plaintiff-debtors in litigation filed pre-
22 petition without need for a motion under Fed. R. Civ. P. 25(c)).

23 The bankruptcy trustee has stated his non-opposition to the
24 pending motion to dismiss (Dkt. No. 32).  It does not appear that
25 this non-opposition constitutes abandonment of the claim.  11
26 U.S.C. § 554(a), Fed. R. Bankr. P. 6007.  This is especially so in

2

1  that the pending motion does not dispose of any claims in the
2  operative complaint.  While the initial complaint named Indymac
3  Federal Bank as a defendant, the operative amended complaint does
4  not, nor does the operative complaint advance any claims against
5  Indymac Federal Bank.  The court is informed that the FDIC, as
6  receiver for Indymac Federal Bank, filed this motion only after
7  plaintiffs refused to stipulate to dismissal of this defendant.
8  Accordingly, the court concludes that the trustee properly states
9  non-opposition to the pending motion, and that this non-opposition
10 does not constitute abandonment of plaintiff-debotrs' claim.
11      For the reasons stated above, the court orders as follows:
12 1.   The bankruptcy trustee, John R. Roberts, is SUBSTITUTED
13      for plaintiffs in this action.
14 2.   The motion to dismiss filed by the FDIC as receiver for
15      Indymac Federal Bank (Dkt. No. 23) is GRANTED.
16 3.   Indymac Federal Bank is DISMISSED from this action.
17 IT IS SO ORDERED.
18 DATED: March 11, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3